UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LANDRUM, | ) | CASE NO: 1:18-CV-1882 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN A. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN, NEIL TURNER, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |

**I.      Introduction**

Michael Landrum, Petitioner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Landrum, an Ohio prisoner, is currently serving an aggregate prison term of fifteen years to life for rape, sexual imposition, and kidnapping with a sexual motivation specification under Ohio law. He asserts four grounds for relief.  Respondent Neil Turner, Warden, filed a return of writ on May 23, 2019. (ECF No. 6, PageID #: 26). Landrum filed a traverse on May 31, 2019.  (ECF No. 9, PageID #: 243).  This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Landrum's petition and other case-dispositive motions. Because Landrum has presented only not cognizable and procedurally defaulted claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

**II.      Relevant Factual Background**

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[1] on direct appeal.

> {¶7} The victim testified that she was sitting on the living room couch at home when Landrum, her mother's boyfriend, joined her and "started to touch me and stuff." He touched her chest area over her clothes and then moved his hands to touch her vaginal area, again over her clothes. The victim said that she tried to "scoot away" when Landrum started to put his hand inside her pants. When she tried to get up, he grabbed her wrist and sat her back down on the couch. He put his hand inside her pants and began rubbing her vaginal area. After about a minute, he unzipped his pants and, while still holding the victim by the wrist, tried to touch her wrist to his penis. Landrum then pulled the victim's pants down and engaged in sexual intercourse with her.

(ECF No. 6-1, Ex. 12, PageID #: 131-32).

### III. Relevant State Procedural History

#### A. State Conviction

On November 24, 2015, a Cuyahoga County, Ohio grand jury indicted Landrum on two counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b) (Counts 1 & 2), three counts of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4) (Counts 3-5), and one count of kidnapping with a sexual motivation specification, in violation of Ohio Rev. Code §§ 2905.01(A)(4) and 2941.147(A) (Count 6). (ECF No. 6-1 at Ex. 1). Landrum elected to proceed with a bench trial. (ECF No. 6-1, Ex. 6). The trial court found Landrum guilty on one count of rape under Ohio Rev. Code § 2907.02 (A)(1)(B) as charged in Count 1, three counts gross sexual imposition under Ohio Rev. Code § 2907.05(A)(4) as charged in Counts 3 through 5, and one count kidnapping under Ohio Rev. Code § 2905.01(A)(4) with sexual motivation specification

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

under Ohio Rev. Code § 2941.147 as charged in Count 6. (ECF No. 6-1, Ex. 7). One count of rape under Ohio Rev. Code § 2907.02 (A)(1)(B) as charged in Count 2 was nolled. (*Id*). The trial court sentenced him to an aggregate prison term of 15 years to life. (ECF No. 6-1, Ex. 8).

### B. The Original Direct Appeal

On May 23, 2016, Landrum filed a notice of appeal in the Ohio Court of Appeals. (ECF No. 6-1, Ex. 9, PageID #: 73). In his brief, he raised three assignments of error:

> **Assignment of Error I:** The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(a), on the charges, and thereafter entering a judgment of conviction of those offenses as those charges were not supported by sufficient evidence, in violation of defendant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> **Assignment of Error II:** Appellant's convictions are against the manifest weight of the evidence.
>
> **Assignment of Error III:** The trial court committed plain error by ordering convictions for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

(*Id.*, Ex. 10, PageID #: 85). On February 2, 1017, the Ohio Eighth District Court of Appeals overruled Landrum's assignments of error and affirmed the trial court's judgment. (ECF No. 6-1, Ex. 12, PageID #: 138). Landrum, represented by new counsel, filed a timely notice of appeal to the Supreme Court of Ohio on March 7, 2017. (ECF No. 6-1, Ex. 13, PageID #: 139). On October 11, 2017, the Supreme Court of Ohio declined to accept jurisdiction. (ECF No. 6-1, Ex. 15, PageID #: 160).

### C. Application for Reopening

On May 1, 2017, Landrum, again represented by counsel, moved the court to reopen his appeal under Ohio App. R. 26(B). (ECF No. 6-1, Ex. 16, PageID #: 162). He argued that his

3

appellate counsel was ineffective in failing to raise the following assignments of error in his direct appeal:

> **Assignment of Error I:** Appellant was denied the effective assistance of counsel, when trial [counsel] stipulated to the competency and sanity report from the court psychiatric clinic, and when trial counsel failed to move for an independent psychiatric examination, when there was a history of mental health issues.
>
> **Assignment of Error II:** Appellant was denied the effective assistance of counsel, when trial counsel failed to oppose or object the state's motion to amend the indictment without presentation to the Grand Jury.
>
> **Assignment of Error III:** Appellant was denied the effective assistance of counsel when trial counsel failed to properly investigate and raise the defense of appellant's affliction with a contagious sexually transmitted disease.

(*Id.*, PageID #: 165, 169). On August 15, 2017, the Ohio Court of Appeals denied Landrum's application to reopen his appeal. (ECF No. 6-1, Ex. 18, PageID #: 194). On September 1, 2017, Landrum, represented by counsel, filed a timely appeal in the Ohio Supreme Court. (ECF No. 6-1, Ex. 19, PageID #: 204). On December 6, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 6-1, Ex. 21, PageID #: 225).

### IV. Federal Habeas Corpus Petition

On August 15, 2018, Landrum, represented by counsel, petitioned for a writ of habeas corpus from this court. (ECF No. 1). Landrum's petition asserted four grounds for relief:

> **Ground One:** Sufficiency of the evidence
>
> **Supporting Facts:** The State failed to present sufficient evidence to support the convictions. There was absolutely no evidence to corroborate the alleged victim's claims.
>
> **Ground Two:** Manifest weight of the evidence
>
> **Supporting Facts:** The convictions are against the manifest weight of the evidence. There was not the necessary quality of evidence required to sustain convictions.
>
> **Ground Three:** Allied offenses of similar import

> **Supporting Facts:** The trial court failed to properly inquire whether there were allied offenses of similar import.
>
> **Ground Three:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Trial counsel [was] ineffective in: 1) Stipulating to competency/sanity report and failing to move for independent evaluation; 2) Failing to object to Motion to Amend Indictment; 3) Failing to properly investigate and raise defense of S.T.D.

(ECF No. 1). On May 23, 2019, the Warden filed his return of writ. (ECF No. 6, PageID #: 26). On May 31, 2019, Landrum filed his traverse. (ECF No. 9, PageID #: 243).

V.     **Applicable Law**

    A.     **Jurisdiction**

Title 28, United States Code Section 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Landrum, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Landrum's § 2254 petition.

    B.     **Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S.

5

62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

### C. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Landrum's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under the AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

### D. Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there

7

are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

8

### VI. Analysis

#### A. Ground Two

In Ground Two of his petition, Landrum asserts that his convictions are against the manifest weight of the evidence. The Warden argues that this claim is not cognizable because "a manifest weight of the evidence claim is state law claim that is not cognizable on federal habeas review." (ECF No. 6, PageID #: 33). In his traverse, Landrum argues that the Warden's argument lacks merit, but fails to support this assertion. (ECF No. 9, PageID #: 246-47). Rather, Landrum simply contends that his conviction is against the manifest weight of the evidence and explains his allegation. (*Id.*) This argument fails because manifest-weight-of-the-evidence questions do not present federal issues. *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982); *see also Steele v. Tambi*, Case No. 1:05-CV-00178, 2007 U.S. Dist. LEXIS 33318, at *38 (N.D. Ohio 2007). It is well-settled that claims regarding the manifest weight of the evidence are state law claims that cannot be reviewed in a federal habeas proceeding. *See, e.g.*, *Walker*, 703 F.2d at 969 (noting that the due process clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence; it provides relief only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt). Accordingly, the Court concludes that Landrum's Ground Two claim for relief is not cognizable.

#### B. Ground Three

In Ground Three, Landrum alleges that "[t]he trial court failed to properly inquire whether there were allied offenses of similar import." (ECF No. 1, PageID #: 9). The Warden contends that this claim is also not cognizable on federal review because "Landrum's claim regarding sentencing errors lies beyond the scope of federal habeas review as it involves the application of state statues and Ohio case law." (ECF No. 6, PageID #: 35). Landrum also contends that this

argument lacks merit and the trial court's alleged error "was an unreasonable application of clearly established state an[d] federal law." (ECF No. 8, PageID #: 247-48). Landrum is mistaken. In his traverse, Landrum relies on the same argument he made to the Ohio Court of Appeals regarding the trial court incorrectly applying Ohio's allied offense statute. (ECF No. 9, PageID #: 248; ECF No. 6-1, Ex. 10, PageID #: 102-05). As such, Landrum's claim is that the trial court incorrectly applied Ohio state law rather than clearly established federal law. Federal habeas relief is not available for such alleged errors. *Jackson v. Smith*, 745 F.3d 206, 215 (6th Cir. 2014) ("there can be no doubt that [the Ohio Court of Appeal's] decision [in discerning the Ohio legislature's intent by applying Ohio's allied offenses statute] falls outside § 2254(d)(1)'s narrow exceptions to the bar on federal habeas relief, thus rendering Jackson ineligible for relief."). Accordingly, the Court concludes that Landrum's Ground Three claim for relief is also not cognizable.

### C. Ground One

In Ground One, Landrum raises a sufficiency of the evidence claim. (ECF No. 1, PageID #: 6). Landrum argues that "[t]he State failed to present sufficient evidence to support the convictions." (*Id.*) Landrum further states, that "[t]here was absolutely no evidence to corroborate the alleged victim's claims." (*Id.*) The Warden argues that Landrum's claim as it relates to his gross sexual imposition convictions is procedurally defaulted because he failed to fairly present this claim in the Ohio Court of Appeals. (ECF No. 6, PageID #: 41). The Warden further argues that Landrum's claim is procedurally defaulted because "[he] failed to fairly present the legal and factual 'substance' of his sufficiency claim related to any of his convictions" in the Supreme Court of Ohio. (*Id.*) Landrum "concedes that he failed to present the legal and factual substance of the sufficiency claim relating to his conviction of the gross sexual imposition counts." (ECF No. 9, PageID #: 248, n. 1). However, he argues that "he did, in fact, fairly present the legal and factual

10

substance supporting his sufficiency of the evidence claims relating to the rape and kidnapping convictions." (*Id*., PageID #: 248).

As discussed above, "a petitioner may procedurally default a claim by failing to [fairly] raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. As noted above, "to fairly present a claim a petitioner must assert both the legal and factual basis for his or her claim." *Id*. Here, Landrum concedes that he failed to fairly present his sufficiency of the evidence claim relating to his convictions for gross sexual imposition. Accordingly, Landrum has procedurally defaulted his claim as it relates to his gross sexual imposition convictions. Additionally, while Landrum did fairly present his claim as it relates to his rape and kidnapping convictions to the Ohio Court of Appeals, he failed to assert the legal and factual basis for his claim in the Ohio Supreme Court. In his appeal in the Ohio Supreme Court, Landrum presented the issue that his charges were not supported by sufficient evidence. (ECF No. 6-1, Ex. 14, PageID #: 143, 146). However, Landrum failed to present any legal or factual basis to support his claim. (*Id*., PageID #: 146). Consequently, because Landrum failed to fairly present his claim to the Ohio Supreme Court, the claim is procedurally defaulted. *See Williams*, 460 F.3d at 807 (holding that petitioner's claim was procedurally defaulted where he raised his claim as a violation of his federal due process rights in the Ohio Court of Appeals, but only raised his claim as a violation of Ohio Rules in his brief to the Ohio Supreme Court).

Because Landrum's grounds for relief are procedurally defaulted, he must demonstrate that cause excuses his default and that he was prejudiced by the alleged constitutional violation.

11

*Coleman*, 501 U.S. at 750. Landrum does not argue cause for his procedural default. Thus, as Landrum fails to demonstrate cause for his procedural default, his default is not excused.

### D. Ground Four

In his Ground Four claim, Landrum raises an ineffective assistance of trial counsel claim.[2] (ECF No. 1, ECF No. 9, PageID #: 250-51). The Warden fails to respond to Landrum's claim in his return of writ. Nevertheless, Landrum's claim cannot be reviewed on the merits because it is procedurally defaulted. Similar to Ground One discussed above, Landrum failed to fairly raise his ineffective assistance of trial counsel claim in state court. In fact, Landrum never raised his ineffective assistance of trial counsel claim in the state court. Rather, Landrum raised an ineffective assistance of appellate counsel claim in his application for reopening pursuant to App. R. 26(B). (ECF No. 6-1, Ex. 16, PagID #: 169). In his application, Landrum argued that "appellate counsel was deficient in failing to raise several viable assignments of error, resulting in an incomplete record in his direct appeal." (*Id.*) Landrum further argued that those assignments of error were the three errors that he alleges as the basis for his ineffective assistance of trial counsel claim herein. (*Id.*) Yet, while Landrum cited these errors as the basis for the ineffective assistance of his appellate counsel claim in state court, he never fairly raised his ineffective assistance of trial counsel claim in the state court. Additionally, because Landrum may no longer raise his ineffective assistance of trial counsel claim in state court, it is procedurally defaulted.

---

[2] A review of Landrum's petition (ECF No. 1) and his traverse (ECF No. 9, PageID #: 250-51) demonstrates that Landrum only raised an ineffective assistance of trial counsel claim in the instant petition. Landrum does not raise any claim of ineffective assistance of appellate counsel in his petition or his traverse. As Landrum is represented by counsel, the court need not liberally construe his arguments. Thus, the Court interprets and addresses Landrum's Ground Four claim as an ineffective assistance of trial counsel claim as is specifically argued in his petition and his traverse.

"Ohio law requires criminal defendants to bring ineffective assistance of counsel claims on direct review if the defendant has new counsel on appeal, and the trial court record contains sufficient evidence to support the claim." *Williams*, 460 F.3d at 799 (citing *State v. Cole*, 2 Ohio St. 3d 112, 113–14 (1982) (holding that *res judicata* prevented appellant from raising an ineffective assistance of counsel claim in a post-conviction proceeding where "appellant, upon direct appeal, was represented by new counsel who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel and as such question of effective counsel could fairly be determined without examining evidence outside the record"). Here, Landrum was represented by new counsel on appeal[3] and the trial court record contained sufficient evidence support his ineffective assistance of trial counsel claim.[4] Thus, Ohio law required Landrum to bring his ineffective assistance of trial counsel claim in his direct appeal and *res judicata* bars him from bringing his claim in any other state court proceeding. Accordingly, Landrum's ineffective assistance of trial counsel claim is procedurally defaulted.

Again, Because Landrum's Ground Four claim is procedurally defaulted, he must demonstrate that cause excuses his default and that he was prejudiced by the alleged constitutional violation. *Coleman*, 501 U.S. at 750. Landrum does not argue cause for his procedural default. Thus, as Landrum fails to demonstrate cause for his procedural default, his default is not excused.

**VII. Certificate of Appealability**

---

[3] In trial, Landrum was represented by attorney Michael L. Nelson (ECF No. 6-1, Ex. 7). In his direct appeal, Landrum was represented by attorney Thomas Rein (ECF No. 6-1, Ex. 10).

[4] Landrum contends that his trial counsel was ineffective for: 1") Stipulating to competency/sanity report and failing to move for independent evaluation; 2) Failing to object to Motion to Amend Indictment; 3) Failing to properly investigate and raise defense of S.T.D." (ECF No. 1, PageID #: 11). Each of these alleged errors contain evidence that was in the trial court record.

13

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Landrum's grounds for relief are either non-cognizable or procedurally defaulted. If the Court accepts the foregoing recommendation, then Landrum has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII. Recommendation

Because Landrum has presented only non-cognizable or procedurally defaulted claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: July 2, 2021

    *Carmen E. Henderson*
**Carmen E. Henderson**
**United States Magistrate Judge**

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).