UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LANDRUM, | ) | CASE NO.: 1:18-cv-01882 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| WARDEN NEIL TURNER, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Michael Landrum's ("Landrum") objections to the Magistrate Judge's Report and Recommendation ("R. & R."). (R. & R., ECF No. 11; Objections, ECF No. 12.) For the following reasons Landrum's objections are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge in full and DENIES Landrum's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

**I.  BACKGROUND**

On November 24, 2015, a Cuyahoga County grand jury indicted Landrum with two counts of rape in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), and one count of kidnapping with a sexual motivation specification pursuant to R.C. 2941.147(A) in violation of R.C. 2905.01(A)(4). (State Court Record 3-5, ECF No. 6-1.) Landrum waived his right to a jury trial and proceeded with a bench trial. (*Id.* at 13-14.) The trial court:

> sitting without a jury, found defendant-appellant Michael Landrum guilty of one count of rape, three counts of gross sexual imposition, and one count of kidnapping for raping his girlfriend's daughter, who at the time of the offenses was less than 13 years of age. He was sentenced to a prison term of ten years to life on the rape count; 15 years to life on the kidnapping count; and five years on the gross sexual

>imposition counts, all terms to be served concurrently. The court also classified Landrum as a Tier III sex offender.

(*Id.* at 75. *See also id.* at 15-17.)

On May 23, 2016, Landrum, through appellate counsel, timely appealed the trial court's judgment and presented three assignments of error to Ohio's Eighth District Court of Appeals:

>**Assignment of Error I:** The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(a), on the charges, and thereafter entering a judgment of conviction of those offenses as those charges were not supported by sufficient evidence, in violation of defendant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>**Assignment of Error II:** Appellant's convictions are against the manifest weight of the evidence.
>**Assignment of Error III:** The trial court committed plain error by ordering convictions for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

(*Id.* at 28-31. *See generally id.* at 18-51.) On February 2, 2017, the Eighth District Court of Appeals overruled Landrum's assignments of error and affirmed the trial court's judgment. (*Id.* at 73-83.)

On March 7, 2017, through new appellate counsel, Landrum appealed the Eighth District Court of Appeals' decision to the Supreme Court of Ohio, presenting the following three issues:

>**Issue Presented 1:** Whether the trial court erred in failing to grant a judgement [sic] of acquittal on all counts in the indictment, as the charges were not supported by sufficient evidence, in violation of Petitioner's right to due process, as guaranteed by the 14th Amendment to the United States Constitution.
>**Issue Presented 2:** Whether Petitioner's convictions are against the manifest weight of the evidence, and must be reversed.
>**Issue Presented 3:** Whether the trial court committed plain error by ordering convictions for separate counts, when the trial court failed to make a proper determination as to whether those offenses were allied offenses pursuant to R.C. 2941.25, and are part of the same transaction under R.C. 2929.14.

(*Id.* at 88. *See generally id.* at 84-93.) The Supreme Court of Ohio ultimately declined to accept jurisdiction of Landrum's appeal on October 11, 2017. (*Id.* at 105.)

Meanwhile, on May 1, 2017, Landrum, through appellate counsel, filed an application with the Eighth District Court of Appeals to reopen his appeal arguing the following assignments of error:

> **Assignment of Error No. 1:** Appellant was denied the effective assistance of counsel, when trial counsel stipulated to the competency and sanity report from the court psychiatric clinic, and when trial counsel failed to move for an independent psychiatric examination, when there was a history of mental health issues.
> **Assignment of Error No. 2:** Appellant was denied the effective assistance of counsel, when trial counsel failed to oppose or object to the state's motion to amend the indictment without presentation to the Grand Jury.
> **Assignment of Error No. 3:** Appellant was denied the effective assistance of counsel when trial counsel failed to properly investigate and raise the defense of appellant's affliction with a contagious sexually transmitted disease.

(*Id.* at 108-110. *See generally id.* at 106-130.) On August 15, 2017, the Eighth District Court of Appeals denied Landrum's application to reopen his appeal. (*Id.* at 139-148.) On September 6, 2017, through appellate counsel, Landrum appealed the Eighth District Court of Appeals' decision to not reopen his appeal to the Supreme Court of Ohio, presenting the following three issues:

> **Issue Presented 1:** Whether the Petitioner was denied effective assistance of Appellate counsel, when Appellate counsel failed to raise the issue of trial counsel. [sic] failing to move for an independent psychiatric examination, when there was a history of mental health issues.
> **Issue Presented 2:** Whether the Petitioner was denied the effective assistance of Appellate counsel, when Appellate counsel failed to raise the issue of trial counsel failing to oppose or object to the State's motion to amend the indictment without presentation to the grand jury.
> **Issue Presented 3:** Whether the Petitioner was denied effective assistance of Appellate counsel, when Appellate counsel failed to raise the issue that trial counsel failed to properly investigate and raise the defense of Petitioner's affliction with a contagious sexually transmitted disease.

(*Id.* at 153. *See generally id.* at 149-159.) The Supreme Court of Ohio ultimately declined to accept jurisdiction of this appeal on December 6, 2017. (*Id.* at 170.)

On August 15, 2018, Landrum, through counsel, timely filed a Petition for Habeas Corpus before this Court pursuant to 28 U.S.C. § 2254 raising four grounds for relief:

> **Ground One:** Sufficiency Of The Evidence
> **Supporting facts:** The State failed to present sufficient evidence to support the convictions. There was absolutely no evidence to corroborate the alleged victim's claims.
> **Ground Two:** Manifest Weight Of The Evidence
> **Supporting facts:** The convictions are against the manifest weight of the evidence. There was not the necessary quality of evidence required to sustain convictions.
> **Ground Three:** Allied Offenses Of Similar Import
> **Supporting facts:** The Trial Court failed to properly inquire whether there were allied offenses of similar import.
> **Ground Four:** Ineffective Assistance Of Counsel
> **Supporting facts:** Trial counsel ineffective in: 1) Stipulating to competency/sanity report and failing to move for independent evaluation; 2) Failing to object to Motion to Amend Indictment; 3) Failing to properly investigate and raise defense of S.T.D.

(*See* Petition, ECF No 1.) After careful consideration of the record, the Magistrate Judge issued a Report and Recommendation recommending this Court deny Landrum's Petition. (R. & R., ECF No. 11.) The Magistrate Judge recommended that, in denying Landrum's Petition, this Court find grounds two and three of Landrum's Petition not cognizable and grounds one and four of Landrum's Petition procedurally defaulted. (*Id.* at 9-13.) Landrum submitted objections to the R. & R. (Objections, ECF No. 12.) For the following reasons, Landrum's objections are OVERRULED and this Court ADOPTS the Magistrate Judge's Report and Recommendation that the Petition filed pursuant to 28 U.S.C. § 2254 be DENIED as not cognizable and procedurally defaulted.

## II. STANDARD OF REVIEW

When a party files written objections to the Magistrate Judge's R. & R., this Court must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C).

**III.  LAW AND ANALYSIS**

**A.  Cognizable Claims**

Pursuant to 28 U.S.C. § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In fact, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Given this framework, claims such as manifest-weight-of-the-evidence claims and sentencing claims applying a state's allied offenses statute are purely state law claims that are not cognizable upon federal habeas review. *See Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) ("a manifest-weight-of-the-evidence argument is a state-law argument"); *Schwarzman v. Gray*, No. 17-3859, 2018 U.S. App. LEXIS 27193, at *8 (6th Cir. Jan. 30, 2018) ("A manifest-weight-of-the-evidence claim in Ohio is a state law claim that is similar to but ultimately different from a federal constitutional claim that the evidence was insufficient to support conviction"); *Minor v. Wainwright*, No. 19-3206, 2019 U.S. App. LEXIS 39286, at *5 (6th Cir. June 6, 2019) ("The Ohio courts' handling of its allied offenses statute is not cognizable on federal habeas review") (citing *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014)). Because ground two of Landrum's Petition asserts his convictions were against the manifest weight of the evidence and ground three of Landrum's Petition asserts "[t]he [t]rial [c]ourt failed to properly inquire whether there were allied offenses of similar import," this Magistrate Judge found these grounds not cognizable pursuant to the above enumerated precedent. (R. & R. 9-10, ECF No. 11.)

In his objections to this conclusion, Landrum argues that 28 U.S.C. § 2254(d)(2) renders his manifest weight of the evidence claim cognizable upon federal habeas review while 28 U.S.C. § 2254(d)(1) renders his allied offenses claim cognizable upon federal habeas review. (Objections 2-4, ECF No. 12.) This Court disagrees and will address each objection in turn.

Pursuant to 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

First, pursuant to 28 U.S.C. § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). Landrum "bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

In the instant matter, the "prior state-court decision rejecting a claim" is the Eighth District Court of Appeals' decision rejecting Landrum's claim that his convictions were against the manifest weight of the evidence. Before the Eighth District Court of Appeals, Landrum argued that his convictions were against the manifest weight of the evidence because the rape was not immediately reported and because Landrum did not admit to raping the child in recorded telephone calls. (State Court Record 79, ECF No. 6-1.) In rejecting Landrum's manifest-weight-of-the-evidence-claim, the Eighth District Court of Appeals found that the years that passed between the

rape and the victim's reporting the rape were reasonable given the victim's age and the trauma and confusion associated with sexual assault that occurs at the hands of a family member or other trusted adult. (*Id.* at 79-81.) The Eighth District Court of Appeals also found it unreasonable to conclude the verdict was against the manifest weight of the evidence because Landrum did not confess to raping the child while speaking with her mother – "[t]his argument proceeds on the misguided premise that people who commit offenses will no doubt admit their illegal acts, so his not saying anything incriminating to the victim's mother was remarkable and proof of his innocence. In reality, it is more likely that it would be the unusual person who willingly tells the mother of his victim that he perpetrated acts of sexual assault against her child." (*Id.* at 81.) In considering the record in its entirety, the Eighth District Court of Appeals determined the trial court's "conclusions were not so contrary to the other evidence that a miscarriage of justice occurred when it found Landrum guilty." (*Id.* at 79-82.)

Given these findings, for Landrum's manifest-weight-of-the-evidence claims to be cognizable before this Court Landrum must demonstrate, with clear and convincing evidence, that the Eighth District Court of Appeals' conclusions were unreasonable in light of the record. His objections do no such thing. (*See* Objections 2-3, ECF No. 12.) Instead, he summarizes his previous arguments that because there was a delay in reporting the rape and no physical evidence of vaginal penetration, his convictions were against the manifest weight of the evidence. (*Id.* at 3.) This is not clear and convincing evidence that any state court determination was unreasonable, but rather a continued demonstration of Landrum's personal disagreement with state court conclusions. Accordingly, Landrum's objection to the Magistrate Judge's conclusion that his second ground for relief should be denied as not cognizable is OVERRULED.

Page **7** of **13**

Turning then to 28 U.S.C. § 2254(d)(1) and whether its application to Landrum's assertion that "[t]he [t]rial [c]ourt failed to properly inquire whether there were allied offenses of similar import" creates a cognizable federal claim, Landrum must demonstrate that state court decisions on this claim involved an unreasonable application of federal law as set forth by the Supreme Court of the United States. In effect, to demonstrate his allied offenses claim is cognizable, Landrum "must identify the Supreme Court decision that 'clearly established' the principle." *Stewart v. Winn*, 967 F.3d 534, 537 (6th Cir. 2020). Landrum's objection fails outright given this requirement. Landrum has failed to identify any holding from the Supreme Court of the United States that clearly establishes federal law is violated when a state court misapplies a state allied offenses statute. (*See* Objections 3, ECF No. 12.) In fact, Landrum's objection simply argues, in conclusory fashion, that the trial court committed plain error in failing to properly apply the allied offenses statute, which violated established federal law without pointing to the federal law it allegedly violated. (*Id.*) Landrum's bald legal conclusions, without actual legal support, do not transform his non-cognizable claim into a cognizable one. Accordingly, Landrum's objection to the Magistrate Judge's conclusion that his third ground for relief should be denied as not cognizable is OVERRULED.

### B. Procedural Default

Procedural default can occur in two ways. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). One way procedural default occurs is when a habeas petitioner fails "to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Williams*, 460 F.3d at 806). This rings true for claims under the United States Constitution – "[b]ecause state courts, like federal courts, are required to enforce federal law, including rights asserted under the Constitution, comity

requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief." *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). This means that typically, a federal court cannot "consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)). "Fairly presented" in this context "requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). To determine whether a petitioner fairly presented his claim to the state courts, this Court must determine whether the petitioner: "(1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law." *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (citing *McMeans*, 228 F.3d at 681). "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)).

Despite Landrum's objection to the Magistrate Judge's conclusion regarding procedural default, the record is clear that Landrum did not fairly present his first ground for relief currently before this Court – that there was not sufficient evidence to support his convictions in violation of his due process rights guaranteed by the Fourteenth Amendment of the United States Constitution – to the Supreme Court of Ohio. Although Landrum's memorandum in support of jurisdiction to the Supreme Court of Ohio included a general allegation that his due process rights were violated,

Landrum actually presented this issue as one of Ohio law only, devoid of constitutional due process arguments tying the facts of his case to federal case law. (State Law Record 91, ECF No. 6-1.) In fact, Landrum's entire argument to the Supreme Court of Ohio regarding insufficiency of evidence was generalized without an associated legal or factual basis for the conclusion. (*Id.*) More specifically, Landrum's argument before the Supreme Court of Ohio did not rely upon either federal cases or state cases utilizing federal constitutional analysis, were not phrased in terms of federal constitutional law, were not particularly phrased to allege a denial of a federal constitutional right and did not allege facts within the mainstream of federal constitutional analysis. In sum, the Supreme Court of Ohio was not provided a full and fair opportunity to review Landrum's insufficiency of the evidence claims through the lens of federal constitutional due process. Accordingly, Landrum's first ground for relief, that there is not sufficient evidence to support his convictions, is procedurally defaulted.

The same conclusion is reached for Landrum's fourth ground for relief – that his trial counsel was ineffective. Despite Landrum's objection to the Magistrate Judge's conclusion that this ground for relief is procedurally defaulted, the record is clear that Landrum did not fairly present the ineffective assistance of trial counsel claim currently before this Court to either Ohio's Eighth District Court of Appeals or the Supreme Court of Ohio. In Landrum's briefing before the Eighth District Court of Appeals requesting the reopening of his appeal, he argues that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims on direct appeal. (State Court Record 114, ECF No. 6-1 ("Appellant respectfully contends that appellate counsel was deficient in failing to raise several viable assignments of error, resulting in an incomplete record in his direct appeal.")) Landrum is also clear in his memorandum in support of jurisdiction to the Supreme Court of Ohio that his ineffective assistance of counsel claims are for

appellate counsel's failure to raise ineffective assistance of trial counsel. (*Id.* at 150-159.) However, before this Court, Landrum raises an ineffective assistance of trial counsel claim, rather than the ineffective assistance of appellate counsel claim presented to the state courts. (Petition 11-12, ECF No. 1.) In effect, Landrum failed to raise ineffective assistance of trial counsel before the state courts and pursue that claim through the ordinary appellate procedure, depriving the state courts the opportunity to see the factual and legal basis for Landrum's ineffective assistance of trial counsel claims. Accordingly, Landrum's fourth ground for relief, that his trial counsel was ineffective, is procedurally defaulted.

When claims are procedurally defaulted, such as grounds one and four of Landrum's Petition, this Court cannot review the merits of his grounds for relief "unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Williams*, 460 F.3d at 805-06. Rather than arguing cause and prejudice to excuse the procedural default of grounds one and four of his Petition, in his objections before this Court Landrum principally relies upon claiming actual innocence, invoking the fundamental miscarriage of justice path to excuse default. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). "To have defaulted claims considered on the merits, petitioners are not required to prove their factual innocence but rather 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 220 (6th Cir. 2019) (quoting *Schlup*, 513 U.S. at 327). To make a credible actual innocence claim, Landrum must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. This is

where Landrum's fundamental miscarriage of justice argument to overcome procedural default fails.

Landrum seeks to demonstrate his affliction with a sexually transmitted disease establishes his actual innocence because his victim was not afflicted with the same sexually transmitted disease. (Objections 1-2, ECF No. 12.) However, this evidence is not new evidence that was not presented to the trial court. The Eighth District Court of Appeals summarizes this issue aptly:

> The record reflects, however, that Landrum's trial counsel expressly asked Landrum whether he or his ex-girlfriend had an STD, which he responded by saying, "No." Further, upon Landrum later disclosing the truth to his trial counsel after the trial adjourned, defense counsel specifically asked the trial court to delay rendering the verdict until the "newly discovered evidence" could be considered. The trial court rejected such a request, recognizing that "it was apparently newly discovered by the defense attorney, but would have been known to the defendant well in advance of the trial of this case."

(State Court Record 146-47, ECF No. 6-1.)

Because Landrum has not presented new reliable evidence to this Court that demonstrates more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, no fundamental miscarriage of justice will occur by this Court not excusing Landrum's procedural default. In essence, Landrum's actual innocence claim fails. Therefore, Landrum's claims that his convictions were not supported by sufficient evidence and that his trial counsel was ineffective are procedurally defaulted, and the default is not excused.[1] Accordingly, Landrum's objections to the

---

[1] Briefly, even if the merits of Landrum's procedurally defaulted claims were addressed by this Court, his claims would still fail. Habeas relief with respect to Landrum's claims that there is not sufficient evidence to support his convictions and that his trial counsel was ineffective is only available if the Eighth District Court of Appeals' decision "involved an unreasonable application" of federal law. 28 U.S.C. § 2254(d)(1).

With insufficient evidence claims, the federal law standard is "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Therefore, in order for Landrum to obtain habeas relief before this Court, the Eighth District Court of Appeals must have applied this standard in an "objectively unreasonable" manner. The Eighth District Court of Appeals'

Magistrate Judge's conclusions that grounds one and four of Landrum's Petition are procedurally defaulted are OVERRULED.

IV. **CONCLUSION**

For the foregoing reasons, Petitioner Michael Landrum's objections to the Magistrate Judge's Report and Recommendation are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Landrum's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: September 29, 2021  /s/ *John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT

---

decision did not unreasonably apply this federal law to Landrum's claim that his convictions were not supported by sufficient evidence – in fact the Eighth District Court of Appeals engaged in a thorough and complete analysis of the record and concluded that sufficient evidence supported Landrum's convictions as required by federal law. (State Court Record 75-79, ECF No. 6-1.) Accordingly, even if this claim were not procedurally defaulted, it would fail on the merits.

For ineffective assistance of counsel claims, the federal law standard is that Landrum must demonstrate that his counsel's performance was deficient and that this deficient performance caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, in order for Landrum to obtain habeas relief before this Court, the Eighth District Court of Appeals must have applied this standard in an "objectively unreasonable" manner. Once again, the Eighth District Court of Appeals' decision did not unreasonably apply federal law to Landrum's claim that his counsel was ineffective. (State Court Record 141-148, ECF No. 6-1.) In fact, the Eighth District Court of Appeals thoroughly analyzed whether Landrum's trial counsel was ineffective under the umbrella of Landrum's specific claim "that his appellate counsel should have argued ineffective assistance of Landrum's trial counsel" and concluded that Landrum's trial counsel was effective as required by federal law. (*Id.* at 141.) Accordingly, even if this claim were not procedurally defaulted, it would still fail on the merits.